Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
JUANITA COOPER

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| JUANITA COOPER, | ) Case No.: |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | ) |
| INTEGRITY FINANCIAL PARTNERS, INC., | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, JUANITA COOPER (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against Defendant, INTEGRITY FINANCIAL PARTNERS, INC. (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Arizona, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

6. Plaintiff is a natural person residing in Kingman, Mohave County, Arizona.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency with a business office in Overland Park, Kansas.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt..

12. Defendant calls Plaintiff at her work even though Plaintiff told Defendant to stop calling her at work because her employer prohibits her from receiving such communications.

13. Defendant failed to send Plaintiff a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

14. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff in connection with the collection of a debt at a time or place known or which

should be known to be inconvenient to Plaintiff.

b. Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with Plaintiff at her place of employment when Defendant knew or should have known that Plaintiff's employer prohibits her from receiving such communications at work.

c. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

d. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

e. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in an attempt to collect a debt.

f. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

PLAINTIFF'S COMPLAINT

WHEREFORE, Plaintiff, JUANITA COOPER, respectfully requests judgment be entered against Defendant, INTEGRITY FINANCIAL PARTNERS, INC., for the following:

15. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

16. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

17. Actual damages,

18. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

19. Any other relief that this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff, JUANITA COOPER, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  February 17, 2010            KROHN & MOSS, LTD.


By: /s/ Ryan Lee

Ryan Lee
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, JUANITA COOPER, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JUANITA COOPER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: _Feb. 8, 2010_       _Juanita Cooper_
                            JUANITA COOPER